PER CURIAM.
This is an appeal from an order approving the report of a general master. The wife initiated the proceedings by filing a motion to enforce several financial provisions of the final judgment of dissolution. The matter was referred to a master. Thereafter the master filed a report recommending that judgment be entered against the husband for a certain sum of money. The husband filed numerous objections to the report including objections to the sufficiency of the evidence received by the master and the procedure followed at the hearing. Thereafter, in a hearing before the trial court the parties agreed that a court reporter had been present before the master but that the identity of the reporter could not be determined. No other record of the evidence received was filed by the master as required by Fla.R.Civ.P. 1.490(f). The husband gave sworn testimony to the *1094 court challenging the findings of the master and contended that he was entitled to another hearing on the wife’s motion absent a record upon which the trial court could determine the husband’s objections to the master’s findings. The trial court overruled the husband’s-objections and entered an order approving the master’s report and granting the wife’s motion to enforce the final judgment. We believe it was error for the trial court to approve the report under these circumstances. Both parties agreed that a court reporter had been present at the hearing. The husband appeared at the hearing without counsel. The wife’s counsel agreed that a reporter was present but could not identify the reporter. Husband’s counsel established that he had made numerous inquiries, without success, of the master, as to the identity of the reporter. No record of evidence was filed with the master’s report. Moreover, the only evidence presented to the trial court, consisting of the testimony of the husband, supported the husband’s position that the master’s report was contrary to the evidence. This is not a case where one party is unable to present an adequate record for review due to his own fault in not securing a reporter to record the proceedings. The parties agree that'a reporter was present. That being so, the husband is entitled to a fair opportunity to present that record and upon a determination by the trial court that such record is not available through no fault of the husband, the husband is entitled to a new hearing on the wife’s motion.
Accordingly, the order of the trial court is reversed with directions for further proceedings in accordance with this opinion.
ANSTEAD and LETTS, JJ., concur.
DAUKSCH, JAMES C., Jr., Associate Judge, concurs.