PER CURIAM.
By certiorari petitioner/wife seeks to quash an order of the trial court which refers an aged non-support action back to the general master to reconstruct a record. The master found respondent/husband in willful contempt for failure to pay child support pursuant to a Massachusetts order. Without a transcript of the proceedings before the master, respondent/husband contends, the court was unable to rule on his exceptions to the master’s findings.
As to the first exception, respondent argues that the general master erred in holding that the Massachusetts judgment should be given full faith and credit because there was no proof that he was served with process. Second, he argues *1159 that no testimony was taken as to his ability to pay child support. In a supplement to the exceptions, filed over five months after the hearing, respondent contends that the general master erred in not giving him credit for all support payments.
The trial court had before it, for the purpose of ruling on respondent’s exceptions, the general master’s report, which included findings resolving conflicts in the testimony. The court also had a number of exhibits, including financial affidavits, furnished by the parties. In our view, the evidence before the court was sufficient to rule. on the two timely-filed exceptions, which are legal in nature. The supplemental exception was untimely and for that reason should have been stricken.
Rader v. Rader, 374 So.2d 1093 (Fla. 4th DCA 1979), relied upon by the respondent, is distinguishable. In that case the husband was entitled to a new hearing because not only was the transcript of proceedings unavailable, but additionally the only evidence before the court was the husband’s testimony, which contradicted the master’s findings.
Certiorari is granted, the order on review is quashed and the cause is remanded for further consistent proceedings.